```
STEVEN D. WERTH, # 121153
GUY W. STILSON, # 142194
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California  94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Petitioner
JOHN DEFREITAS
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In the Matter of<br><br>The Complaint of JOHN DEFREITAS, as Owner of the 21' 2004 Malibu VLX vessel bearing Hull No. MB2K7976B404, for exoneration from of limitation of liability. | NO. C06 5874 SC<br><br>**PETITIONER JOHN DEFREITAS' CASE MANAGEMENT STATEMENT**<br><br>Date:   January 12, 2007<br>Time:  10:00 a.m.<br>Dept.:  1, Floor 17<br><br>Hon. Samuel Conti |

Petitioner JOHN DEFREITAS respectfully submits this Case Management Statement pursuant to Civil Local Rule 16-9 as follows:

## I.

## **DESCRIPTION OF THE CASE**

This action has been related to Action No. C 06 2945 SC (the Cronin/McDonald action), which was filed by the owners of a 21' ski boat seeking exoneration from or limitation of liability under the federal Limitation of Liability Act, 46 USCA Section 183, et seq. ("LOLA")  That vessel was being operated by Stephen Cronin, the adult son of one of the owners when it ran over a wakeboarder who had

-1-
PETITIONER JOHN DEFREITAS' CASE MANAGEMENT CONFERENCE STATEMENT
J:\1074\SF0012\Pleadings\DeFreitas LOLA Action\CMC Stmt 001.wpd

been wakeboarding behind another vessel, had dropped her tow rope, and was waiting for her boat to come back and pick her up. In this action, Petitioner DEFREITAS, the owner of the ski boat that was towing the wakeboarder who was injured, similarly seeks exoneration from or limitation of liability under LOLA. None of the owners who seek limitation were aboard any of the vessels at the time of the accident.

In the Cronin/McDonald action, an order was issued by this Court on May 11, 2006 enjoining and restraining all other actions against Cronin and McDonald arising out of the activities of their vessel as cited above, except pursuant to claims filed in that action. Potential claimants were notified of the order. In the Defreitas action, Defreitas has filed a motion to enjoin and restrain all other actions against him arising out of the activities of his vessel as cited above, except claims to be filed in this action. That motion is set for hearing concurrently with this case management conference.

In the Cronin/McDonald action, claims and answers were filed by the injured wakeboarder, Molly McKenna, seeking damages for her injuries, and by Defreitas and the operator of his vessel, Craig Kolos, seeking indemnity, contribution and attorneys' fees and costs associated with investigating and defending McKenna's claims. In the Defreitas action, Defreitas has submitted appropriate paperwork seeking issuance of a monition and clerk's notice setting a time period for the presentation of claims, but the court has not acted on that paperwork yet. **Defreitas respectfully requests this honorable court issue the Clerk's Monition and Notice to Claimants at the time it grants Defreitas' Motion for Issuance of Injunction**. Until the Monition and Notice to Claimants are issued, Defreitas has nothing to serve on potentially responsible parties and cannot get his case underway.

McKenna has been negotiating with Defreitas, Kolos, Cronin and McDonald, through their respective attorneys, for a stipulation to allow McKenna to proceed with a civil action in the state court. To date, agreement has not been reached on that issue. McKenna's litigation strategy with regard to a state court action is not yet known, but it is possible that certain other individuals who are not parties to either the Cronin/McDonald or Defreitas action will be named as defendants or cross-defendants in that action; these are individuals who were present as passengers on the various vessels involved in the incident and it may be alleged that they had and breached a duty to keep a proper lookout, to provide a warning, etc.

However, Defreitas has an insurance policy which provides up to $300,000 in coverage, and which protects Kolos as well. It is a declining limits policy, meaning that the potential coverage is reduced by the amount of attorney fees and costs expended in defending Defreitas and Kolos and protecting their rights with regard to this matter. McKenna has demanded, and Defreitas' and Kolos' insurer has agreed to pay, the policy limits, subject to Defreitas and Kolos having sufficient protection against other claims which may relate to this matter but have not yet been stated; for instance, claims for indemnity/contribution to be made in the contemplated state court action by other persons who were present on one of the two vessels. Accordingly, Defreitas and Kolos wish to obtain an order from this honorable court finding that the settlement is in good faith (Defreitas has requested that Cronin/McDonald stipulate to the good faith of the settlement, and Cronin/McDonald are considering that request), and Defreitas wishes to complete his LOLA action by issuing the Notice to Claimants; it is Defreitas' belief that no claimants will present themselves within the required time period and that Defreitas will thereby be protected against other potential claims. Because the policy has declining limits, Defreitas/Kolos hope to accomplish the above with minimal effort and expenditure, to preserve the maximum amount of the policy for the injured McKenna.

## II.

## REQUEST FOR RELIEF

Defreitas hereby respectfully requests the following:

1. That this honorable Court grant Defretais' motion for issuance of injunction and complete and issue (A) The Order Approving Stipulation for Value, Costs, and Interest; Directing Monition; Enjoining and Restraining Other Actions; (B) Notice to Claimants; and (C) Monition, all of which have been previously filed in this case (additional copies are attached for the court's convenience); and

2. That, if all parties to these related actions will stipulate on the record in open court that the proposed policy-limits settlement between Defreitas/Kolos and McKenna is in good faith, that this honorable Court enter an order finding said settlement to be in good faith; or, if such a stipulation cannot be obtained,

3. That this honorable Court set a schedule for the briefing and arguing of a motion for determination of good faith settlement, to be filed on behalf of Defreitas in both actions.

Respectfully submitted

LOW, BALL & LYNCH

January 5, 2007

Steven D. Werth
Guy W. Stilson
Attorneys for Petitioner JOHN DEFREITAS

1  STEVEN D. WERTH, # 121153
   GUY W. STILSON, # 142194
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Petitioner
   JOHN DEFREITAS
6

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12

13
                                              )   NO. CV 06 5874 SC
14  In the Matter of                          )
                                              )   [PROPOSED]
15  The Complaint of JOHN DEFREITAS, as Owner of )  ORDER APPROVING STIPULATION
    the 21' 2004 Malibu VLX vessel bearing Hull No. )  FOR VALUE, COSTS, AND INTEREST;
16  MB2K7976B404, for exoneration from of limitation )  DIRECTING MONITION; ENJOINING
    of liability.                             )   AND RESTRAINING OTHER ACTIONS
17                                            )
                                              )
18  _____ )

19

20       WHEREAS, a petition having been filed in this Court on ___Sept. 22___, 2006, pursuant to

21  Supplemental Admiralty Rule F(2) of the Federal Rules of Civil Procedure, by John DeFreitas

22  ("Petitioner") as owner of the 21' 2004 Malibu VLX vessel bearing Hull No. MB2K7976B404 (the

23  "Vessel"), praying for exoneration from or limitation of liability for any and all losses or damages or

24  from any claim or claims in any way arising out of or related to the activities of the Vessel or otherwise

25  resulting or arising out of the voyage of said Vessel on or about July 30, 2005, and for certain other

26  relief; and

27       WHEREAS, said Complaint having stated the facts and circumstances upon which exoneration

28  and limitation is claimed, and it appearing that claims have been made, or may in the future be made

-1-

against the Petitioner and/or the Vessel for losses and damages said to have been occasioned or incurred as consequence of the activities of the Vessel, and may or will exceed the value of Petitioner's interest in said Vessel, if any, and its pending freight; and

WHEREAS, Petitioner, as principal, having deposited with the Court as security for the benefit of the claimants, a stipulation for value, costs and interest dated ___9/13/2006___ with attached Letter of Undertaking, and executed by an authorized representative of Berkeley Underwriting Partners, LLC and StarNet Insurance Company, as surety, in the total amount of Forty-Five Thousand, Five Hundred Dollars ($45,500.00) plus costs and interest, which amount represents the sum of Petitioner's interest or alleged interest in the Vessel, her freight then pending as of the voyage which commenced on July 30, 2005, and Petitioner's statutory obligation to give costs in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure, and Local Admiralty Rule 5-1;

NOW, THEREFORE, on application of Petitioner,

IT IS HEREBY ORDERED tha the Clerk shall issue a notice and monition under the seal of this Court to and against all persons or concerns claiming damages for any and all losses or damages occasioned by the activities of the Vessel on the voyage which commenced on or about July 30, 2005, admonishing them and each of them to appear and file their respective claims with the Clerk of this Court on or before the __28__ day of __February__, ~~2006~~ 2007, and make due proof of their respective claims in such manner as may hereinafter be directed by further order of this Court, subject to the right of any such persons or concerns to controvert or question said claims, with liberty also to any such claimants who have duly filed their claims to answer the petition herein and to file such answer with the clerk of this Court on or before hereinafter specified; and

IT IS FURTHER ORDERED that public notice of said monition pursuant to Supplemental Admiralty Rule F(4of the Federal Rules of Civil Procedure shall be given by publication thereof in the newspaper known as the Daily Journal published in San Francisco, and that such notice shall be published once a week for four successive weeks prior to the date fixed herein for the filing of claims; and

IT IS FURTHER ORDERED that further prosecution of any and all suits, actions and proceedings which may already have been commenced against the Vessel or Petitioner alleging that he is

its owner, in any Court wheresoever to recover damages arising out of, or related to the activities of the Vessel on the voyage which began on or about July 30, 2005, and the institution and prosecution of any suits, actions or legal proceedings of any nature or description whatsoever in any Court wheresoever, except in this proceeding for exoneration from or limitation of liability against Petitioner, or otherwise subject to limitation in this proceeding, are stayed and restrained; and

IT IS FURTHER ORDERED that service of this Order as a restraining order shall be made within this District in the usual manner and in any other District of the United States by the United States Marshall for such district by delivering a certified copy of this Order to the person or persons to be restrained, or to their respective attorneys or representatives.

IT IS FURTHER ORDERED that the above-described stipulation for value, cost, and interest, and attached Letter of Undertaking, deposited by Petitioner and/or his insurer with the Court for the benefit of potential claimants in the amount of Forty-Five Thousand, Five Hundred Dollars ($45,500.00), as security for the amount of the value of Petitioner's interest or alleged interest in the Vessel, her freight then pending and for costs and interest such as Petitioner is statutorily obligated to give under Supplemental Rule F(1), be approved and Petitioner hereby is decreed to be in compliance with Supplemental Rule F(1) of the Federal Rules of Civil Procedure and with Local Admiralty Rule 5-1.

SO ORDERED.

Date: 1/12/07



Judge, United States District Court

-3-

ORDER APPROVING STIPULATION FOR VALUE, COSTS, AND INTEREST; DIRECTING MONITION; ENJOINING AND RESTRAINING OTHER ACTIONS
J:\1074\SF0012\Pleadings\DeFreitas LOLA Action\Order-001.wpd

STEVEN D. WERTH, # 121153
GUY W. STILSON, # 142194
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Petitioner
JOHN DEFREITAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In the Matter of

The Complaint of JOHN DEFREITAS, as Owner of the 21' 2004 Malibu VLX vessel bearing Hull No. MB2K7976B404, for exoneration from of limitation of liability.

NO. CV 06 5874 SC

**NOTICE TO CLAIMANTS**

WHEREAS, a verified complaint has been filed by JOHN DEFREITAS ("Petitioner") as owner of the 21' 2004 Malibu VLX vessel bearing Hull No. MB2K7976B404 (the "Vessel"), claiming right to exoneration from or limitation of liability from any and all claims, losses, injuries, and/or damages occasioned or incurred by or in any way consequent from the voyage of the Vessel on or around July 30, 2005, and for certain other relief; and

WHEREAS, the Court having directed by its Order that all persons or entities claiming damages for any and all losses, injuries and/or damages occasioned by or resulting from or in any way consequent upon the aforesaid voyage, or by reason of any matters arising out of the voyage or trip on which said Vessel was then engaged, to file and serve their respective claims and answers to the complaint on or before _____.

1  PLEASE TAKE NOTICE that all persons asserting such claims are admonished to file their
2 claims with the undersigned Clerk of the Court at 450 Golden gate Avenue, San Francisco, California,
3 on or before _____, 2006, and to serve a copy thereof and answer to the
4 complaint on Petitioner's attorneys, LOW, BALL & LYNCH, attn: Steven Werth, Esq., 505
5 Montgomery Street, 7th Floor, San Francisco, CA 94111, on or before _____, 2006.
6  Any claimant desiring to contest the claims of Petitioners must file an answer to said
7 complaint/petition, as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime
8 Claims of the Federal Rules of Civil Procedure, and serve same upon Petitioners' attorney.
9  This Notice is issued by Order of the Court pursuant to Rule F(4) of the Supplemental Rules for
10 Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.
11  Dated this _____ day of _____, 2006 in San Francisco, California.

_____
Clerk, United States District Court
Northern District of California

-2-
NOTICE TO CLAIMANTS
J:\1074\SF0012\Pleadings\DeFreitas LOLA Action\Notice to Claimants 001.wpd

1  STEVEN D. WERTH, # 121153
   GUY W. STILSON, # 142194
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Petitioner
   JOHN DEFREITAS
6

7

8
                    UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN FRANCISCO DIVISION
11

12

13
                                            )   NO. CV 06 5874 SC
14  In the Matter of                         )
                                             )   **CLERK'S MONITION**
15  The Complaint of JOHN DEFREITAS, as Owner of )
    the 21' 2004 Malibu VLX vessel bearing Hull No. )
16  MB2K7976B404, for exoneration from of limitation )
    of liability.                            )
17                                           )
                                             )
18  _____  )

19

20         TO THE UNITED STATES MARSHAL:

21         WHEREAS, a complaint has been filed in the United States District Court for the Northern

22  District of California by John DeFreitas, as owner of the 21' 2004 Malibu VLX vessel bearing Hull No.

23  MB2K7976B404 (the "Vessel") for limitation of or exoneration from liability in respect of loss, damage,

24  injury, and destruction relating to, occasioned by or resulting from activities of said Vessel on that

25  voyage which commenced on July 30, 2005. Swaid complaint prays that a notice issue out of this Court

26  citing all persons claiming damages for any and all losses and injuries to file their respective claims with

27  the Clerk of this Honorable Court, and to serve on or mail to the attorneys for Petitioner a copy thereof.

28  Said complaint also prays that if it should appear that the petitioner is not liable for any such loss or

---

1 | injury, it may be so finally adjudged by this Court; and

2 |     WHEREAS, Petitioner has filed in the Office of the Clerk of this Honorable Court a Stipulation
3 | for Value, Costs and Interest in the name of said Vessel and of freight then pending, pursuant to the
4 | order of this Court; and

5 |     WHEREAS, this Court having directed in an Order entered herein on _____,
6 | 2006, that a Notice shall issue citing all persons claiming losses or injuries occasioned by said Vessel's
7 | activities on or about July 30, 2005 to file their respective claims with the Clerk of this Court and to
8 | serve on or mail to the attorneys for complainants a copy thereof, on or before
9 | _____, 2006, subject to the right of any person claiming damages as aforesaid who
10 | shall have filed his claim under oath to controvert or question any other claim, and with liberty also to
11 | any such person to answer the complaint filed herein;

12 |     YOU ARE THEREFORE COMMANDED to cite all persons claiming damages for any loss,
13 | damage, injury or destruction occasioned by the said activities of that 21' 2004 Malibu VLX vessel
14 | bearing Hull No. MB2K7976B404 on or about July 30, 2005 to file their respective cdlaims with the
15 | Clerk of this Court and to serve or mail to the attorneys for Petitioner a copy thereof on or before
16 | _____, 2006, subject to the right of any person claiming damages as aforesaid who
17 | shall have filed his/her claim under oath to controvert or question any other claim and with liberty also to
18 | any such person to answer the complaint;

19 |     AND YOU ARE FURTHER COMMANDED to publish notice of this notice in the Daily
20 | Journal, a newspaper published in the City of San Francisco, State of California, such notice to be
21 | published once each week for four successive weeks before the _____ day of _____, 2006,
22 | the return day mentioned herein, and such noticed shall be int eh form substantially as provided for in
23 | Supplemental Rule F for Certain Admiralty and Maritime Claims.

24 |     The U.S. Marshall is to make return to this Honorable Court together with this writ.
25 |     Dated this _____ day of _____, 2006 in San Francisco, California.

26 |
27 |                                           _____
28 |                                           Clerk, United States District Court
                                              Northern District of California